Law Office of Andrew P Rundquist
Andrew P Rundquist SBN 262523
501 W Broadway Suite 144
San Diego CA 92101
Tel. (619)992-9148
andrew@rundquistlaw.com

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Trinidad Guerrero<br><br>    Plaintiff,<br><br>    v.<br><br>Emerald AR Systems, LLC; and DOES 1-10, INCLUSIVE<br><br>    Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT**<br><br>**Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.;**<br><br><br>**JURY TRIAL DEMANDED** |

**I.     INTRODUCTION**

1.     Plaintiff Trinidad Guerrero, through her attorney brings this complaint for damages and to enjoin deceptive business practices of Emerald AR Systems, LLC ("Emerald" or "Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et. seq.

2.     Congress intended the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who do refrain from using abusive debt

1

collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collections abusers.

## II.   JURISDICTION AND VENUE

3. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1681p, and 15 U.S.C. § 1692k(d).

4. This action arises out of Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et. seq. While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## III.   PARTIES

8. Plaintiff is an individual residing in the County of Pima, State of Arizona, and is a consumer per 15 U.S.C. §1692a(3) of the FDCPA in that she is a natural person purportedly obligated to pay a consumer debt, allegedly owed to Foothills Anesthesia, PC.

9. Defendant is located in Maricopa County and is authorized to and regularly conducts business in the State of Arizona. The principal business of Defendant is the collection of defaulted consumer debts using the mails and telephone, and regularly

attempts to collect defaulted consumer debts alleged to be due another. Defendant is a "debt collector" as defined per 15 U.S.C. § 1692a(6).

10. Defendant DOE is an unknown individual or business entity engaged in the business of collecting defaulted consumer debt in this state. The true name of Defendant DOE is unknown to Plaintiff at this time and Plaintiff therefore sues said Defendant by such fictitious name. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant DOE was an individual, limited liability company, corporation or business entity of unknown form that has resided in, has done or is doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious name of Defendant DOE with the true name when Plaintiff discover it. Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges, Defendant DOE is vicariously liable to Plaintiff for the acts of Defendants.

## IV.  FACTUAL ALLEGATIONS

11. On or about May 1st, 2015, Plaintiff while residing and working in San Diego CA, suffered serious work-related injuries with her employer Marshalls to the following body parts:

> **-Neck;**
> **-Back, including back muscles, spine and spinal cord;**
> **Upper Extremities;**
> **-Hand;**
> **-Shoulders, including scapula and clavicle.**

12. At all times, Plaintiff's work-related injuries and medical treatment to alleviate injuries have been accepted by her employer's work comp carrier Zurich North America assigned claim # 9041.

13. In December 2018, Plaintiff underwent surgery to treat her injuries and creditor Foothills Anesthesia, PC and its member Dr. M. Moukabary rendered medical services for Plaintiff's surgery.

3

14.     The medical services Plaintiff received in December 2018, including those provided by by creditor Foothills Anesthesia, PC and its member Dr. M. Moukabary were previously authorized by Plaintiff's work comp carrier Zurich North America.

15.     Prior to creditor Foothills Anesthesia, PC and its member Dr. M. Moukabary providing Plaintiff with medical services December 2018, they received written notice the medical services it was going to render were to alleviate Plaintiff's work-related injuries and that all bills and attempts for payment and reimbursement relating to services rendered by creditor Foothills Anesthesia, PC must be sent to work comp carrier Zurich North America.

16.     Sometime thereafter, creditor Foothills Anesthesia, PC transferred, assigned and/or placed the account with Defendant.

17.     Defendant has persisted with its attempts to hold Plaintiff personally responsible despite acknowledging receipt of the authorization the services rendered by in December 2018 were authorized by employer's work comp carrier Zurich North America and that Plaintiff is not personally responsible.

18.     Defendant has persisted with its attempts to hold Plaintiff personally responsible despite receiving previous notice from Zurich North America to cease its collection efforts toward Plaintiff as it is contrary to workers' compensation laws and any recourse for payment must be directed toward the insurance carrier directly at Zurich P.O. Box 968005, Schaumburg, Illinois 60196.

**A.     Defendant Ignores Written Instruction to Cease Communicating with Plaintiff.**

19.     On January 29th, 2021, Plaintiff's counsel sent a letter to Defendant via certified letter informing them Plaintiff was represented by his office and that all communications must be addressed to Plaintiff's counsel.

20.     Plaintiff's attorney additionally instructed Defendant to "immediately terminate contact with my client, members of their family or household, regarding the alleged debt."

21.     Plaintiff's counsel also disputed the debt and requested a verification of the alleged debt.

22.     In late February 2021, Defendant, despite having actual knowledge Plaintiff was represented by an attorney, dispatched demands for immediate payment directly to Plaintiff, demanding payment of $4049.00, itemized as $1080.00, $2459.00 and $510.00 regarding medical services rendered by creditor Foothills Anesthesia, PC and its member Dr. M. Moukabary in December 2018.

23.     Defendant's late February 2021 demand for immediate payment of $4049.00 is a "communication" as defined by 15 U.S.C. § 1692a.

24.     Despite Defendant previously receiving instruction from Plaintiff's attorney to cease further communication with Plaintiff, Defendant subsequently implored Plaintiff to contact them to

- **"discuss payment arrangements"** and

-**"We look forward to helping you resolve this matter."**

25.     Defendant's late February 2021 demand for immediate payment of $4049.00 it dispatched to Plaintiff provided Plaintiff with specific payment instructions, including website and account number information for Plaintiff to initiate payment of $4049.00 on-line.

26.     Furthermore, and as detailed above, Defendant continues to report inaccurate and erroneous information to the credit reporting agencies that Plaintiff is personally responsible for the medical services rendered to alleviate her work-related injuries.

27.     Defendant also fails to notify the credit reporting agencies the alleged debt has been disputed by Plaintiff.

28. Due to Defendant's abusive actions, Plaintiff suffered a great deal of mental anguish in the form of stress, anxiety, sleeplessness, nervousness, change in appetite and exacerbating of pre-existing medical conditions, including those relating to Plaintiff's industrial injury.

29. Due to Defendant's abusive actions, Plaintiff's credit score has been lowered and thereby not allowing Plaintiff to qualify for lower interest rates and re-financing opportunities.

30. At all relevant times, Defendant was aware of Plaintiff's disabled condition and while Plaintiff remains disabled and unable to work, Defendant persisted in targeting Plaintiff with its unfair and deceptive debt collection practices.

## V.   CAUSES OF ACTION

31. Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

32. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

33. Plaintiff is a "consumer" per 15 U.S.C. § 1692a (3) and Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

34. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

35. Through its conduct, Defendant violated 15 U.S.C. § 1692b(6) in continuing to communicate with Plaintiff after knowing Plaintiff is represented by an attorney.

36. Through its conduct, Defendant violated 15 U.S.C. § 1692c(a)(1) in communicating with Plaintiff at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

37. Through its conduct, Defendant violated 15 U.S.C. § 1692c(a)(2) in continuing to contact Plaintiff despite knowing Plaintiff is represented by an attorney.

38. Through its conduct, Defendant violated 15 U.S.C. § 1692c(c) because it continued communicating with Plaintiff, when in fact Defendant was told in writing to stop further communication with Plaintiff.

39. Through its conduct, Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

40. Through its conduct, Defendant violated 15 U.S.C. § 1692e, which prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. Through its conduct, Defendant violated 15 U.S.C. § 1692e(2)(A), which prohibits falsely representing the character, amount, or legal status of any debt.

42. Through its conduct, Defendant violated 15 U.S.C. § 1692e(5), which prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

43. Through its conduct, Defendant violated 15 U.S.C. § 1692e(8), by threatening to report false credit information and by failing to communicate that the debt was disputed.

44. Through its conduct, Defendant violated 15 U.S.C. § 1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

45. Through its conduct, Defendant violated 15 U.S.C. § 1692f(1), which prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

46. Due to Defendant's abusive actions, Plaintiff suffered a great deal of mental anguish in the form of stress, anxiety, sleeplessness, nervousness, change in appetite and exacerbating of pre-existing medical conditions, including those relating to Plaintiff's

industrial injury.

47. Plaintiff has suffered actual damages and harm due to Defendant's abusive actions; Plaintiff's credit score has been lowered, thereby not allowing Plaintiff to qualify for lower interest rates and re-financing opportunities; Plaintiff has incurred out-of-pocket expenses including but not limited to gasoline expenses, postage expenses, and telephone charges, the exact amount of which is to be proven at trial.

48. At all relevant times, Defendant was aware of Plaintiff's disabled condition and while Plaintiff remains disabled and unable to work, Defendant persisted in targeting Plaintiff with its unfair and deceptive debt collection practices.

49. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### VI. PRAYER FOR DAMAGES AND OTHER REMEDIES

WHEREFORE, Plaintiff prays that judgment be entered against Defendant as follows:

**Fair Debt Collection Practices Act**

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

Dated: February 8th, 2022

Law Office of Andrew P. Rundquist
By: /s/ Andrew P Rundquist
Andrew P Rundquist, Esq.
Attorney for Plaintiff